**STATE of Missouri, Respondent,**

v.

**Quantel LOTTS, Appellant.**

**No. ED 82423.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 20, 2004.

Kent Denzel, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Jefferson City, MO, for respondent.

Before BOOKER T. SHAW, P.J.,
LAWRENCE G. CRAHAN, J.,
PATRICIA L. COHEN, J.

***ORDER***

PER CURIAM.

Quantel Lotts ("Lotts") appeals from the trial court's judgment entered in the Circuit Court of St. Francois County upon his conviction by a jury of one count of murder in the first degree, in violation of Section 565.020, RSMo 2000, for which he was sentenced to a term of life imprisonment without the possibility of parole, and one count of armed criminal action, in violation of Section 571.015, RSMo 2000, for which he was sentenced to a consecutive term of life imprisonment.

Lotts argues on appeal that the trial court erred in: (1) overruling his motion for judgment of acquittal, entering judgment on the jury's verdict of guilty of first degree murder and sentencing him for that offense because there was insufficient evidence from which a rational juror could find a state of near certitude that he deliberated before stabbing the victim; (2) overruling his hearsay objection and allowing hearsay testimony that was prejudicial and used to suggest a possible motive to the jury; (3) failing to act *sua sponte* to correct the prosecuter's incorrect statement made to the jury during his closing argument because it had a decisive effect on the jury's deliberations as it went to the central issue of the case; and (4) failing to act *sua sponte* to correct the prosecutor's improper argument about his future dangerousness, to the jury during his closing argument, because this argument was irrelevant and misleading to the jury.

We have reviewed the briefs of the parties and the record on appeal and no error of law appears. The judgment of the trial court is affirmed. No precedential or jurisprudential purposes would be served by an opinion reciting the detailed facts and restating the principles of law. The judgment is affirmed pursuant to Rule 30.25(b).